| | | |
|---|---|---|
| **ELLEN C. BADEAUX** | * | **NO. 2022-C-0634** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **KEVIN WATSON, M.D., ET AL.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-09565, DIVISION "B"
Honorable Richard G. Perque, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Judge
Rosemary Ledet)

Ellen Cronin Badeaux, L.L.C.
324 N. Theard Street
Covington, LA 70433

    COUNSEL FOR PLAINTIFF

C. WM. Bradley Jr.
Richard S. Crisler
Lance V. Licciardi Jr.
1100 Poydras Street, Suite 2700
New Orleans, LA 70163-2700

    COUNSEL FOR DEFENDANTS

**WRIT GRANTED;
DISTRICT COURT JUDGMENT
VACATED; SUMMARY JUDGMENT
GRANTED.**

**DECEMBER 15, 2022**

EAL

TFL

RML

On application for supervisory writ, Kevin M. Watson, M.D. (Dr. Watson) and Orthopaedic Associates of New Orleans (collectively "the relators") seek review of the district court judgment of September 6, 2022, denying their motion for summary judgment.

***Relevant Facts and Procedural History***

This is a medical malpractice lawsuit filed by the plaintiff, Ellen C. Badeaux, in November 2020. After the plaintiff failed to identify an expert witness in response to interrogatories, the relators filed a motion for summary judgment on April 28, 2022, asserting that the opinion of the medical review panel sufficiently proves the absence of factual support for the plaintiff's claims and that, because the plaintiff failed to come forward with expert medical testimony to support her a claims of breach in the standard of care and causation of damages (thereby creating a genuine issue of dispute), the relators were entitled to summary judgment as a matter of law. The district court set a hearing on the relators' motion for summary judgment for August 11, 2022.

The plaintiff failed to file an opposition to the defendants' motion for summary judgment but, on July 27, 2022, filed an unopposed motion to continue

the hearing on the relators' motion for summary judgment. On July 29, 2022, the district court granted the continuance, resetting the hearing for the date requested by the plaintiff, August 26, 2022. However, on August 11, 2022, the plaintiff filed a second motion to continue the summary judgment hearing.

On August 26, 2022, the district court heard both the plaintiff's motion for continuance of the hearing on the motion for summary judgment and the relators' motion for summary judgment. The district court first considered the plaintiff's motion to continue the hearing and denied it stating: ". . . [the plaintiff] chose this date [August 26, 2022]. She filed the motion [to continue]; it was set for today. I'm denying the motion to continue." Next, the district court acknowledged the plaintiff's failure to file an opposition to the relators' motion for summary judgment but, nonetheless, considered the plaintiff's motion for continuance as an opposition to the motion for summary judgment and allowed the plaintiff to orally argue that her motion to continue the hearing on the motion for summary judgment constituted opposition to the motion for summary judgment. After hearing the oral arguments of the parties, the district court denied the relators' motion for summary judgment, stating: "I understand what you're [relator] saying about the motion being unopposed. However, the Court's reading of the motion to continue provides what we believe to be the opposition to the motion [for] summary judgment."

The relators filed a timely notice of intent in the district court, followed by a timely filed writ application in this court seeking review of the district court judgment denying summary judgment. The plaintiff did not seek review of the district court decision to deny her motion to continue. Moreover, in her opposition to the relators' writ application, the plaintiff concedes that she did not file an

3

opposition in the district court to the relators' motion for summary judgment or present an expert witness to support her claim and rebut the findings of the medical review panel. In her opposition to the relators' writ application filed in this court, the plaintiff argues only that this is a case where negligence can be inferred from the undisputed facts and, accordingly, no expert is required to testify about obvious negligence.

## *Discussion*

Pursuant to La. Code Civ. Proc. art. 967, the opponent of a properly supported motion for summary judgment must respond by affidavit or otherwise setting forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

In this case, the relators' unopposed motion for summary judgment was based on the finding by the medical review panel opinion that the relators did not breach the standard of care. The plaintiff failed to file an affidavit or other proof showing there is a genuine issue for trial in opposition to the relators' motion for summary judgment. It was clear error for the district court to find that the plaintiff's motion to continue was sufficient to overcome a properly filed and supported motion for summary judgment. Accordingly, the relators are entitled to summary judgment as a matter of law. Moreover, pursuant to Rule 4-3, Uniform Rules, Courts of Appeal, the district court's denial of the plaintiff's motion for a continuance is final because the plaintiff did not timely seek supervisory review of that adverse ruling.

## *Conclusion*

4

For the above stated reasons, the relator's writ application is granted, the district court judgment denying the relators' motion for summary judgment is vacated, and summary judgment is granted in favor of the relators.

**WRIT GRANTED;**
**DISTRICT COURT JUDGMENT**
**VACATED; SUMMARY JUDGMENT**
**GRANTED.**